RICHARD LUCICOSKY,                        CIV. NO. 11-3358 (RHK/JSM)

       Petitioners,                    REPORT AND RECOMMENDATION

v.

BUREAU OF PRISONS, et.al.,

       Respondents.


This matter came before the undersigned on Respondents' Motion to Dismiss [Docket No. 11]. The matter was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1.

## I.    PROCEDURAL BACKGROUND

Petitioner filed a Petition for habeas corpus pursuant to 28 U.S.C. § 2241 on November 16, 2011. [Docket No. 1]. Pursuant to this Court's order of November 29, 2011 [Docket No. 2], Petitioner filed an Amended Petition[1] on December 21, 2011. [Docket No. 3]. When he filed his Amended Petition, Petitioner was being held at the Federal Medical Center in Rochester ("FMC-Rochester") as a result of an infection. Amended Petition, p. 1. Petitioner alleged that the Bureau of Prisons ("BOP") violated 18 U.S.C. § 3621, 28 C.F.R., part 570 (Community Programs) and Section 5F1.2 of the United States Sentencing Guidelines because the BOP would not release him to home

---

[1]    This Court found that Petitioner's initial Petition failed to state any cognizable claim for habeas relief and required him to submit an Amended Petition "clearly identify[ing] the specific federal law on which his claims are based, and he must clearly explain how the BOP allegedly has violated or misapplied that law." Order, November 29, 2011, p. 3 (emphasis in original) [Docket No. 2].

confinement in accordance with §231(g)(5)(B) and 251(a)(6) of the Second Chance Act. Amended Petition, pp. 3, 8.[2] Petitioner believed that home confinement would restore his health to the point where he could safely undergo a hip replacement. Id., p. 8.

Respondents responded to the Amended Petition on February 8, 2012. [Docket No. 5] and on July 24, 2012, filed the instant motion. [Docket No. 11]. Respondents indicated that Petitioner had been transferred from FMC-Rochester to a Residential Reentry Center on May 15, 2012. Memorandum in Support of Respondents' Motion to Dismiss, p. 1 ("Resp. Mem.") [Docket No. 12]; Declaration of Angela Buege ("Buege Decl."), ¶3, Attachment A (Inmate History Data) [Docket No. 13]. On June 15, 2012, Petitioner was released from federal custody through Good Conduct Time release. Id. In light of Petitioner's release from custody, Respondents requested that his habeas corpus petition be dismissed. Resp. Mem., pp. 2-3.

On August 7, 2012, this Court issued an Order requiring Petitioner to serve and file a response to Respondent's Motion to Dismiss on or before September 7, 2012. Order, p. 1 [Docket No. 15]. Respondents were permitted to file a Reply on or before September 21, 2012. Id. This Court notified Petitioner that if he failed to adhere to the deadlines the Court established, the Court would consider granting Respondents' Motion to Dismiss. Id.

Petitioner did not respond and on September 19, 2012, Respondents filed a Reply, despite the lack of response from Petitioner. Reply Memorandum [Docket No. 16]. Respondents noted Petitioner's failure to respond and again asked the Court to dismiss the Petition with prejudice. Id., pp. 1-2.

---

[2]  These page numbers refer to the ECF pagination.

## II.    ANALYSIS

Pursuant to 28 U.S.C. § 2241,[3] a writ of habeas corpus shall not extend to a prisoner unless he is "in custody."  See also Copley v. Keohane, 150 F.3d 827, 829 (8th Cir. 1998) (when a prisoner is no longer in the custody, there is no entity the Court can order to effect release, therefore petitioner's §2241 petition is moot); Perkins v. United States, Civ. No. 09-2931 (PAM/FLN), 2010 WL 2838553 at *3 (D. Minn. June 30, 2010) ("It is long-established law that a habeas petitioner must be 'in custody' to receive habeas relief.") (citing Jones v. Cunningham, 371 U.S. 236, 241 (1963)); Duale v. Baniecke, Civ. No. 05-2998 (JRT/AJB), 2006 WL 1314319 at *1 (D. Minn. May 12, 2006) (summarily dismissing § 2241 petition as moot because petitioner was no longer in custody)

The United States Supreme Court has held that the only proper respondent in a § 2241 petition is the inmate's custodian—i.e. the warden of the facility where the prisoner is confined.  See Rumsfield v. Padilla, 542 U.S. 426, 434-35 (2004) ("We

---

[3]    The full text of § 2241 provides as follows:

The writ of habeas corpus shall not extent to a prison unless-
(1) he is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2) he is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
(5) It is necessary to bring him into court to testify or for trial.

summed up the plain language of the habeas statute over 100 years ago in this way: '[T]hese provisions contemplate a proceeding against some person who has the <u>immediate custody</u> of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.' ") (emphasis in original) (quoting <u>Wales v. Whitney</u>, 114 U.S. 564, 574 (1885)).

This Court has been presented with no evidence to rebut the sworn declaration of Angela Buege, an employee of the United States Department of Justice, that Petitioner was released from federal custody on June 15, 2012. Buege Decl., ¶3, Attachment A. As a result, Petitioner is not entitled to relief under 28 U.S.C. § 2241 because his release has rendered his Petition moot.

## III.   RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that:

Respondents' Motion to Dismiss [Docket No. 11] be GRANTED and Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be dismissed with prejudice.

Dated: January 11, 2013                 *Janie S. Mayeron*
                                         JANIE S. MAYERON
                                         United States Magistrate Judge

4

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 25, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within 14 days after service thereof.  All briefs filed under this Rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.